IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS LUCERO, JR.,

       Plaintiff,

v.                                                                                                                  CV 15-155 JB/WPL

MANNY ORTIZ, in his individual and official
capacity as Treasurer for Bernalillo County,
New Mexico, and the COUNTY OF BERNALILLO
(BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO),

       Defendants.

### ORDER GRANTING MOTION FOR EXTENSION OF TIME

Manny Ortiz, apparently joined by Chris Lucero, Jr., filed a motion for extension of time to respond to the County's Motion to Dismiss (Doc. 11). (Doc. 19.) The County objects to the proposed extension. (Doc. 20.) As explained below, I grant the motion for extension of time nunc pro tunc.

The County filed its motion to dismiss on May 4, 2015. Apparently Ortiz and Lucero did not receive electronic service of the motion. (*See* Docs. 19, 20.) The County emailed a copy of the motion to Ortiz and Lucero and May 28, 2015. (Doc. 15 Ex. 1; Doc. 19; Doc. 20.) The parties then agreed to a fourteen-day extension of time to respond, such that any response to the motion was due by June 11, 2015. On June 16, 2015, Ortiz, joined by Lucero, filed a motion for extension of time. (Doc. 19.) In support of the motion, Ortiz stated that he experienced difficulty finding new counsel and that his new lawyer received "voluminous files" related to the case. (*Id.*) Ortiz and Lucero requested an extension until July 17, 2015, to respond to the motion to

dismiss. The County responded on the same day. (Doc. 20.) Neither Ortiz nor Lucero filed a reply or any other document related to the motion for extension of time.

When a party must perform a specific action within a specified time, "the court may, for good cause, extent the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In determining whether a party has shown excusable neglect, courts should consider the circumstances, including: (1) the risk of prejudice to the opposing party; (2) the length of the delay and the possible impact on the proceedings; (3) the reason for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the movant acted in good faith. *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

The County argues that it will be prejudiced if I grant the extension of time because the extension will impairs the County's ability to "have a prompt resolution of this matter." (Doc. 20 at 4.) I disagree. At this stage, Lucero and Ortiz have filed responses and the County filed a reply. The County will suffer no prejudice if I grant the motion for extension of time and the Court considers the responses.

Ortiz and Lucero waited five days beyond the time-limit to file their motion for an extension of time. They requested an additional thirty days to file responses to the motion to dismiss. At this point, Lucero and Ortiz have filed responses and the County filed a reply. Any impact on the proceedings will result only from the Court having additional argument before it when deciding the County's motion to dismiss.

As to the third and fourth factors, the County correctly points out that Ortiz's motion provides little in the way of explanation as to the delay. Ortiz states that he retained a new attorney and the new attorney had a lot of information to review in this case. While that may be

true, it is hardly uncommon. Attorneys frequently enter cases and are expected to review a large quantity of information in a short period of time. Finally, there is no evidence or implication that Ortiz or Lucero acted in bad faith.

On balance, it appears that any delay in bringing the motion for an extension of time was based on excusable neglect. Accordingly, I find that the motion is well taken. The motion for an extension of time is granted nunc pro tunc, such that Ortiz and Lucero could file responses to the County's motion to dismiss by July 17, 2015.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

3