IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS LUCERO, JR.,

       Plaintiff,

v.                                                                                  CV 15-155 JB/WPL

MANNY ORTIZ, individually and in his official
capacity as Treasurer for Bernalillo County,
New Mexico, and the COUNTY OF BERNALILLO
(BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO),

       Defendants.

**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING**

The Court bears an affirmative duty to determine whether subject matter jurisdiction exists. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Upon review of the filings in this case, it appears that Defendant County of Bernalillo ("the County") attempted to remove this case pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) based on federal question jurisdiction. The County states that Ortiz raised federal causes of action in his Answer to the complaint and in his Cross-Claim against the County. (*See* Doc. 1.)

Section 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Courts presume that jurisdiction does not exist absent a sufficient showing by the party invoking federal jurisdiction. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The party removing the case to federal court

bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Id.*

Courts "examine the 'well-pleaded' allegations of the complaint and ignore potential defenses" when determining whether a claim arises under federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id.* (quotation and alteration omitted). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

The parties shall submit supplemental briefing on the issue of whether this Court has subject matter jurisdiction over this case and whether such jurisdiction can be based on cross-claims. The parties shall submit simultaneous briefs, not exceeding fifteen pages each, by September 10, 2015.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.