IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS LUCERO, JR.,

       Plaintiff,

v.   CV 15-155 JB/WPL

MANNY ORTIZ, individually and in his official
capacity as Treasurer for Bernalillo County,
New Mexico, and the COUNTY OF BERNALILLO
(BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO),

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On September 2, 2015, I ordered the parties to submit supplemental briefs addressing the issue of whether federal question jurisdiction, for the purposes of removal, can be based on a cross-claim. (Doc. 33.) The parties filed supplemental briefs. (Docs. 34-36.) For the reasons stated herein, I recommend that the Court remand this case to the Second Judicial District Court of the State of New Mexico for lack of subject matter jurisdiction.

Plaintiff Chris Lucero filed his Complaint for Debt in state court seeking payment of legal fees for services rendered during recall petition proceedings of Ortiz. The County of Bernalillo filed its answer, then Ortiz filed his answer and cross-claim against the County. In his cross-claim, Ortiz asserted claims under multiple federal statutes. (Doc. 1 at 7-11.) The County removed the case to federal court on the basis of Ortiz's cross-claim. (Doc. 1 at 4.) It is undisputed that Lucero's complaint did not assert any claims arising under federal law.

The County argues that removal was proper based on Ortiz's cross-claim because that claim arose under federal law and the County is an "original defendant" within the meaning of 28 U.S.C. § 1441(a). Additionally, the County contends that Ortiz's federal claims are separate and independent from Lucero's state claims. The County appears to implicitly argue that the Court could separate and remove the cross-claims, which arise under federal law, and exercise supplemental jurisdiction over the remaining claims.

Lucero favors remand. He contends that cross-defendants are not "defendants" within the meaning of § 1441(a) and cannot exercise removal procedures. Additionally, Lucero argues that Ortiz's cross-claim is not separate and independent.

Ortiz also favors remand. He argues that the County filed its Notice of Removal more than thirty days after receiving notice of Ortiz's cross-claim, thereby violating the strictures of 28 U.S.C. § 1446.[1] Ortiz then argues that removal must be based on Lucero's complaint, with reference to well-established case law that removal cannot be based on a counterclaim or defense.

As noted in my previous Order, the Court bears an affirmative duty to determine whether subject matter jurisdiction exists. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Section 28 U.S.C. 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Courts presume that jurisdiction does not exist absent a sufficient showing by the party invoking federal jurisdiction. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The party removing the case to federal court bears the burden of establishing subject matter jurisdiction by a preponderance of

---

[1] Ortiz is incorrect. He filed his answer and cross-claim on January 23, 2015. The County removed the case on February 24, 2015.

the evidence. *Id.* Removal statutes are strictly construed, with all doubts being resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Courts "examine the 'well-pleaded' allegations of the complaint and ignore potential defenses" when determining whether a claim arises under federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id.* (quotation and alteration omitted). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

It does not appear that the Supreme Court or the Tenth Circuit has decided a case where jurisdiction was predicated on a cross-claim. However, the Supreme Court has clearly established that subject matter jurisdiction cannot be created by a counterclaim. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). The *Holmes* Court reasoned that precedent precluded federal question jurisdiction unless the federal question was "presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (emphasis omitted); *see also Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 n.9 (1983).

While there does not appear to be authority directly on point, it stands to reason that the well-pleaded complaint applies equally to cross-claims as to counterclaims.[2] In both circumstances, the plaintiff is the master of the complaint. *See Caterpillar Inc.*, 482 U.S. at 392.

---

[2] In *Mach v. Triple D Supply, LLC*, Judge Browning confronted the issue of removal jurisdiction and cross-claims in the diversity jurisdiction context. In diversity cases, collected jurisprudence suggests that the analysis turns on whether the new claims are a "separate civil action" under § 1441. 773 F. Supp. 2d 1018, 1024-30 (D.N.M. 2011).

Under the well-pleaded complaint rule, a court must look only to the plaintiff's statement of his own cause of action when determining jurisdiction. *Beneficial Nat'l Bank*, 539 U.S. at 6. It is undisputed that Lucero's complaint states only a state law cause of action. Even though Ortiz's cross-claims would be removable to federal court if he had filed a separate action against the County, it violates the well-pleaded complaint rule to force a plaintiff into federal court on the basis of a dispute between defendants. Therefore, removal was improper and the case should be remanded to state court.

      I recommend that the Court find that it lacks subject matter jurisdiction over this case and remand the action to the Second Judicial District Court of the State of New Mexico.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                    _____
                                                    William P. Lynch
                                                    United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.