**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRIS LUCERO, JR.,

        Plaintiff,

v.                                                    No. CIV 15-0155 JB/WPL

MANNY ORTIZ, individually and in his official
capacity as Treasurer for Bernalillo County,
New Mexico, and the COUNTY OF BERNALILLO
(BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO),

        Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND REMANDING
THE CASE TO THE SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEW MEXICO**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings

and Recommended Disposition, filed September 28, 2015 (Doc. 37)("PFRD").  The issue is

whether federal question jurisdiction, for the purposes of removal, can be based on a cross-claim.

Because the Court agrees with the Honorable William P. Lynch, United States Magistrate Judge

for the District of New Mexico's conclusions, the Court will adopt the PFRD and remand the

case to the Second Judicial District Court of the State of New Mexico for lack of subject matter

jurisdiction.

**PROCEDURAL BACKGROUND**

On October 27, 2014, Plaintiff Chris Lucero, Jr., filed a Complaint for Debt in state court

seeking payment of legal fees for services rendered during recall petition proceedings for

Defendant Manny Ortiz, the Treasurer for Bernalillo County, New Mexico.  See Complaint For

Debt, filed in state court October 27, 2014, filed in federal court February 24, 2015 (Doc. 1-

1)("Complaint").  The Complaint named both the County of Bernalillo and Ortiz as defendants.

See Complaint for Debt at 1.  Ortiz answered and filed a cross-claim against Bernalillo County

on January 23, 2015.  See Answer and Cross-Claim, filed in state court January 23, 2015, filed in

federal court February 24, 2015 (Doc. 1 at 7-12)("Answer and Cross-Claim").  In his Cross-

Claim, Ortiz alleged violations of 42 U.S.C. § 1983.  See Answer and Cross-Claim at 10-11.

Bernalillo County then removed the case to federal court based on Ortiz's Answer and Cross-

Claim.  See Notice of Removal, filed February 24, 2015 (Doc. 1 at 3-6)("Notice of Removal").

The parties do not dispute that Lucero's Complaint did not assert any claims arising under

federal law.

Judge Lynch, sua sponte, ordered the parties to submit supplemental briefs addressing the

issue whether federal question jurisdiction, for the purposes of removal, can be based on a cross-

claim.  See Order to Submit Supplemental Briefing, filed September 2, 2015 (Doc. 33).  The

parties filed supplemental briefs.  See Defendant Bernalillo County's Supplemental Brief

Concerning the Issue of Whether this Court Has Subject Matter Jurisdiction Over this Case and

Whether such Jurisdiction Can be Based on Cross-Claims, filed September 7, 2015 (Doc. 34);

Lucero Supplemental Brief to Federal Jurisdiction Issue, filed September 10, 2015 (Doc. 35);

Manny Ortiz's Response to Order to Submit Supplemental Briefing, filed September 10, 2015

(Doc. 36).

Objections to the PFRD were due by October 16, 2015.  See PFRD at 5.  To date, no

objections have been filed.

Lucero moved for attorney's fees on October 14, 2015.  See Lucero Motion for

Attorney's Fees, filed October 14, 2015 (Doc. 42)("Fee Motion").  He argues that the Court

should award him $4,019.53 in fees because there was no objectively reasonable basis for

removal.  See Fee Motion at 1-3.  He explains that Bernalillo County: (i) acknowledged that cross-defendants cannot use removal procedures under 28 U.S.C. § 1441(a) in its briefing; (ii) removed the case after the removal rule's time limit; and (iii) "attempted to mislead the Court about the existence of a written contract."  Fee Motion at 2.

Bernalillo County responded four days later.  See Response to Lucero's Motion for Attorney's Fees, filed October 18, 2015 (Doc. 43)("Fee Response").  First, Bernalillo County notes that Lucero did not file a timely motion to remand, but simply responded to the Court's request for supplemental briefing.  See Fee Response at 6.  Second, it contends that its removal was objectively reasonable, because the Court stated that there was no "authority directly on point."  Fee Response at 2.  Third, it argues that pro se litigants like Lucero are not entitled to fees.  See Fee Response at 4.  Finally, it accuses Lucero of filing his Fee Motion in bad faith. See Fee Response at 5.

## LAW REGARDING FEDERAL QUESTION JURISDICTION

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).  As "the master of the claim," the plaintiff may choose to sue in state court rather than in federal court "by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. at 392.

The defendant may not try to sneak a federal question through the back door by raising a federal defense, for "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and

even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)).  See Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'" (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986))).  While a plaintiff is free to plead a federal question in his complaint, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. at 399.  Even the plaintiff can only go so far in attempting to invoke federal-question jurisdiction, because "[a]ny statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense are to be disregarded" in deciding whether federal-question jurisdiction exists.  Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975).

    In addition to the requirement that the federal question appear on the face of the complaint, a "plaintiff's cause of action must either be (i) created by federal law, or (ii) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pac. Corp., 318 F.3d at 1235 (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. at 808).  As for the second method, beyond the requirement of a substantial question of federal law at the heart of the case, the federal question must also be "contested." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). Finally, the exercise of federal-question jurisdiction must also be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the

application of § 1331." <u>Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.</u>, 545 U.S. at 318-19 (explaining that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction" in accepting "garden variety" state law claims).

In <u>Bar J Sand & Gravel, Inc. v. W. Mobil N.M. Inc.</u>, No. Civ. 05-800 JB/WPL, 2005 WL 3663689 (D.N.M. Sept. 29, 2005)(Browning, J.), the plaintiff's complaint stated causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and unfair trade practices. <u>See</u> 2005 WL 3663689, at *7. The defendants argued that a federal question was apparent on the face of the complaint

> because, as a necessary first step in proving a breach of contract, Bar J [Sand and Gravel, Inc.,] must show that a valid contract actually exists between Bar J and the Defendants. To establish that the parties entered into a valid contract, Bar J must show that all conditions precedent were met, including Bar J's possession of a valid [Sand and Gravel] Permit [that the Pueblo of San Felipe issued to Bar J Trucking, Inc.]. In turn, whether Bar J acquired a valid Permit requires reference to the federal regulations governing the issuance of those permits. Reaching the last link in their chain of argument, the Defendants assert that the federal question is whether the creation of the Permit complied with those regulations.

2005 WL 3663689, at *8 (internal citations omitted). The Court determined that the defendants' argument confused "a condition precedent to contract <u>performance</u> with a condition precedent to contract <u>formation</u>," and that the argument was raising an issue of federal law as a potential defense, rather than as an element of the plaintiff's case; as such, the issue did not appear on the face of the plaintiff's complaint. 2005 WL 3663689, at *8-9 (emphasis in original). The defendants also argued that a decision whether the plaintiffs validly assigned the Permit to the defendants would raise an issue of federal law, because, "[u]nder federal regulations, an assignment of the Permit would be invalid without approval by the Secretary of the Interior"; the Court rejected this argument, because the plaintiff did not request "vindication of any assignment" in the complaint, and the Court determined the plaintiff was justified in that choice.

2005 WL 3663689, at *9. The Court further determined that the Supreme Court's decision in

Grable & Sons Metal Prods. v. Darue Eng'g & Mfg. did not change the result, because,

> [u]nlike Grable, Bar J does not premise its breach of contract claim on any point of federal law. Bar J does not assert that it has a right to recover from the Defendants because of the existence of some federal law. Bar J argues neither that the Defendants violated a federal statute nor that the [contract's] validity requires the interpretation or application of any provision of the United States Code.

2005 WL 3663689, at *12 (internal citations omitted). The Court concluded that, because the

plaintiff grounded its right to relief in "basic contract law," without "referencing any federal

law," the well-pleaded complaint did not raise an issue of federal law and, thus, the Court did not

have federal-question jurisdiction. 2005 WL 3663689, at *13.

In Olsen v. Quality Continuum Hospice, Inc., 380 F. Supp. 2d 1225 (D.N.M.

2004)(Browning, J.), the Court determined that the plaintiff's claims did not present any federal

questions; although the plaintiff asserted that the defendants violated the "United States Social

Security Act of 1968 [and] . . . the Medicare program,"[1] the Court concluded that those

provisions do not create a private right of action and, thus, did not create the plaintiff's causes of

action. 380 F. Supp. 2d at 1229. The Court also determined that, because the plaintiff's causes

of action were essentially medical malpractice claims and arose under New Mexico common law

or New Mexico statutes, they would not depend on resolution of a question of federal law. See

380 F. Supp. 2d at 1230-31.

## LAW REGARDING REMOVAL AND REMAND

If a civil action filed in state court satisfies the requirements for original federal

jurisdiction -- meaning, most commonly, federal-question or diversity jurisdiction -- the

---

[1]Social Security Act of 1965, Pub. L. 89-97, 79 Stat. 286, and Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. 108-173, 117 Stat. 2066.

defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  See Huffman v. Saul Holdings LP, 194 F.3d 1072, 1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court. . . ." (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996))).  Under 28 U.S.C. § 1331, a federal district court possesses original subject-matter jurisdiction over a case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### 1.      The Presumption Against Removal.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.").  The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence." McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008). See Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").  Because federal courts are courts of limited jurisdiction, the Tenth Circuit has ruled that "courts must deny such jurisdiction if not affirmatively apparent on the record."  Okla.

Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished).[2]

On the other hand, this strict construction and presumption against removal should not be

interpreted as hostility toward removal cases in the federal courts.  See McEntire v. Kmart Corp.,

No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *2 (D.N.M. Feb. 9, 2010)(Browning, J.)(citing

Bonadeo v. Lujan, 2009 WL 1324119, at *12 ("Strict construction does not mean judicial

hostility toward removal. Congress provided for removal, and courts should not create rules that

are at tension with the statute's language in the name of strict construction.")).

### 2.   **Procedural Requirements for Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal.

"Because removal is entirely a statutory right, the relevant procedures to effect removal must be

followed."  Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *5

---

[2]Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., Browning v. Am. Family Mut. Ins. Co., 196 F. App'x 496 (10th Cir. 2010)(unpublished), Jenkins v. MTGLQ Investors, 218 F. App'x 719 (10th Cir. 2007)(unpublished), Watkins v. Terminix Int'l Co., Nos. CIV 96-3053, 96-3078, 1997 WL 34676226 (10th Cir. May 22, 1997)(per curiam)(unpublished), Sheldon v. Khanal, 10-3237, 2012 WL 5860560 (10th Cir. Nov. 20, 2012)(unpublished), Muller v. Culberston, 408 F. App'x 194 (10th Cir. 2011)(unpublished), Bloomer v. Norman Reg'l Hosp., 221 F.3d 1351, 2000 WL 963336, (10th Cir. 2000)(unpublished table decision), and Pevehouse v. Scibana, 229 F. App'x 795 (10th Cir. 2007)(unpublished), have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

(D.N.M. Aug. 27, 2012)(Browning, J.).   A removal that does not comply with the express statutory requirements is defective and must be remanded to state court.   See Huffman v. Saul Holdings Ltd. P'Ship, 194 F.3d 1072, 1077 (10th Cir. 1999).   See also Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Section 1446(a) of Title 28 of the United State Code provides that a party seeking removal of a matter to federal court shall file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."   28 U.S.C. § 1446(a).   Such notice of removal is proper if filed within thirty days from the date when the case qualifies for federal jurisdiction.   See Caterpillar Inc. v. Lewis, 519 U.S. at 68-69; 28 U.S.C. § 1446(b).   The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself" that federal jurisdiction is available.   Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998).   The Tenth Circuit specifically disagrees with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist."   Akin v. Ashland Chem. Co., 156 F.3d at 1036.[3]

---

[3]In 2011, Congress clarified removal jurisdiction and procedures in the Federal Courts Jurisdiction and Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).   See Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *12 n.5 (D.N.M. Aug. 27, 2012)(Browning, J.).

On December 7, 2011, President Obama signed into law the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which is intended to

clarify the operation of federal jurisdictional statutes and facilitate the identification of the appropriate state or federal courts in which actions should be brought [see Pub. L. No. 112-63, 125 Stat. 758 (2011)].

. . . .

Section 103 of the Act makes several changes to removal and remand procedures. 28 U.S.C. § 1446 is amended to cover removal procedures for civil cases only; provisions governing removal of criminal prosecutions have been moved into new 28 U.S.C. § 1455 [Pub. L. No. 112-63, § 103(b), (c), 125 Stat. 758 (2011)].

Section 103 of the Act also amends 28 U.S.C. § 1441(c) to provide that, on the removal of any civil action with both removable claims and nonremovable claims (i.e., those outside of the original or supplemental jurisdiction of the district court), the district court must sever all nonremovable claims and remand them to the state court from which the action was removed. The amendment also provides that only defendants against whom a removable claim has been asserted need to join in or consent to removal of the action. [Pub. L. No. 112-63, § 103(a), 125 Stat. 758 (2011)].

Section 103 also amends 28 U.S.C. § 1446(b) to provide that, in a multi-defendant case, each defendant will have 30 days from his or her own date of service (or receipt of initial pleading) to seek removal. Earlier-served defendants may join in or consent to removal by a later-served defendant [Pub. L. No. 112-63, § 103(a), 125 Stat. 758 (2011)]. These provisions are intended to resolve a circuit split over when the 30-day removal period begins to run in cases in which not all defendants are served at the same time [see H.R. Rep. No. 112-10, at 13-14 (2011); see, e.g., Bailey v. Janssen Pharm., Inc., 536 F.3d 1202 (11th Cir. 2008)(30-day period runs from date of service on last-served defendant, and earlier-served defendants may join in last-served defendant's timely removal); Marano Enters. v. Z-Teca Rests., LP, 254 F.3d 753 (8th Cir. 2001)(each defendant has 30 days to effect removal, regardless of when or if other defendants have sought to remove); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254 (5th Cir. 1988)(first-served defendant and all then-served defendants must join in notice of removal within 30 days after service on first-served defendant)].

Section 103 also enacts a new subdivision (c) of 28 U.S.C. § 1446, containing provisions governing the procedures for removal. These include new authorization for a notice of removal in a diversity case to assert the amount in controversy if the initial pleading seeks (1) nonmonetary relief, or (2) a money judgment when state practice either does not permit a demand for a specific sum or permits the recovery of damages in excess of the amount demanded. Also part of a new subdivision (c) of 28 U.S.C. § 1446 is a provision allowing removal of a

3.    __Amendment of the Notice of Removal.__

In Caterpillar Inc. v. Lewis, the Supreme Court held that a defect in subject-matter jurisdiction cured before entry of judgment did not warrant reversal or remand to state court.  See 519 U.S. at 70-78.  Citing Caterpillar Inc. v. Lewis, the Tenth Circuit has held that "a defect in removal procedure, standing alone, is not sufficient to warrant vacating judgment and remand to state court if subject matter jurisdiction existed in the federal court."  Browning v. Am. Family Mut. Ins. Co., 196 F. App'x 496, 505-06 (10th Cir. 2010)(unpublished).  In McMahon v. Bunn-O-Matic Corp., 150 F.3d 651 (7th Cir. 1998)(Easterbrook, J.), the United States Court of Appeals for the Seventh Circuit noticed, on appeal, defects in the notice of removal, including that the notice failed to properly allege diversity of citizenship.  See 150 F.3d at 653 ("As it happens, no one paid attention to subject-matter jurisdiction . . . .").  The Seventh Circuit nonetheless permitted the defective notice of removal to be amended on appeal to properly establish subject-matter jurisdiction.  See 150 F.3d at 653-54.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal.    See  Jenkins v. MTGLQ Investors, 218 F. App'x 719, 723 (10th Cir. 2007)(unpublished)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Watkins v. Terminix Int'l Co., Nos. CIV 96-3053, 96-3078, 1997 WL

---

case based on diversity of citizenship more than one year after commencement of the action if the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action (such as by deliberately failing to disclose the amount in controversy) [Pub. L. No. 112-63, § 103(b), 125 Stat. 758 (2011)].

Thompson v. Intel Corp., 2012 WL 3860748, at *12 n.5 (quoting 16 J. MOORE, D. COQUILLETTE, G. JOSEPH, S. SCHREIBER, G. VAIRO, & C. VARNER, MOORE'S FEDERAL PRACTICE § 107.30[2][a][iv], at 107SA-1 to 107SA-2 (3d ed. 2013)).

34676226, at *2 (10th Cir. May 22, 1997)(per curiam)(unpublished)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W. R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.").  The Tenth Circuit has further reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window had expired, when the defendant made simple errors in its jurisdictional allegations, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."  Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th Cir. 1968).  The Tenth Circuit has noted that a simple error in a jurisdictional allegation includes failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship.  See Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301.  In McEntire v. Kmart Corp., when faced with insufficient allegations in the notice of removal -- allegations of "residence" not "citizenship" -- the Court granted the defendants leave to amend their notice of removal to cure the errors in some of the "formalistic technical requirements."  2010 WL 553443, at *8 (citing Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300-02 (10th Cir. 1968)).  Further, in Thompson v. Intel Corp., this Court permitted the defendant, Intel Corp., to amend its notice of removal to include missing jurisdictional elements, including evidence that its principal place of business and corporate

headquarters -- the center of Intel Corp.'s direction, control, and coordination of activities -- is out of state, so that the diversity requirements were met.  See 2012 WL 3860748, at *1.

There are limits to the defects that that an amended notice of removal may cure, however, as Professors Charles Alan Wright and Arthur R. Miller explain:

> [A]n amendment of the removal notice may seek to accomplish any of several objectives: It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733, at 651-59 (4th ed. 2009)(footnotes omitted).  Professor Moore has similarly recognized: "[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."  16 J. MOORE, D. COQUILLETTE, G. JOSEPH, S. SCHREIBER, G. VAIRO, & C. VARNER, MOORE'S FEDERAL PRACTICE § 107.30[2][a][iv], at 107-317 to -18 (3d ed. 2013).  Thus, where diversity jurisdiction is asserted as a basis for removal of an action to federal court, the district court may permit the removing defendant to amend its removal notice, if necessary, to fully allege facts which satisfy the requirements of diversity jurisdiction by a preponderance of the evidence.

**4.    Consideration of Post-Removal Evidence.**

As the Court explained in Thompson v. Intel Corp., the Tenth Circuit looks to both evidence in the complaint, and submitted after the complaint, in determining whether the criteria necessary for removal are met.  See Thompson v. Intel Corp., 2012 WL 3860748, at *8 (citing McPhail v. Deere & Co., 529 F.3d at 956).  The Tenth Circuit explained in McPhail v. Deere &

-13-

Co. that a district court may consider evidence presented to it after a notice of removal has been filed, even if produced at a hearing on subject-matter jurisdiction, to determine if the jurisdictional requirements are met. See 529 F.3d at 593. "[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy -- either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." McPhail v. Deere & Co., 529 F.3d at 593 (citing Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006)(Easterbrook, J.), and Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). As the Court has explained, "the Seventh Circuit, on which the Tenth Circuit has heavily relied when addressing the amount in controversy, has recognized that 'events subsequent to removal may clarify what the plaintiff was actually seeking when the case was removed.'" Aranda v. Foamex Int'l, No. CIV 12-0405 JB/ACT, 2012 WL 2923183, at *18 (D.N.M. July 11, 2012)(Browning, J.)(quoting Carroll v. Stryker Corp., 658 F.3d 675, 681 (7th Cir. 2011)).[4] Thus, when determining if the

---

[4]The Court has found that the language of McPhail v. Deere & Co., to some extent, conflicts with older Tenth Circuit decisions, but nevertheless defines the scope of evidence a district court may consider when determining its jurisdiction over a matter removed from state court:

> McPhail v. Deere & Co. appears to conflict with the Tenth Circuit's previous decisions in Laughlin v. Kmart Corp. and Martin v. Franklin Capital Corp.. In Laughlin v. Kmart Corp., the Tenth Circuit held that "Kmart's economic analysis of Laughlin's claims for damages prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum does not establish the existence of jurisdiction at the time the motion was made." 50 F.3d at 873. In Martin v. Franklin Capital Corp., the Tenth Circuit held that the defendant's summary of the allegations and the requested relief "[did] not provide the requisite facts lacking in the complaint." 251 F.3d at 1291.

Aranda v. Foamex Int'l, 2012 WL 2923183, at *15. The Court explained that, although there is some conflicting precedent within the Tenth Circuit on this matter, in light of the Tenth Circuit's

requirements for federal jurisdiction are met in a matter removed from state court, a district court may consider relevant evidence submitted after removal.  See Thompson v. Intel Corp., 2012 WL 3860748, at *14 ("[I]t is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists.").

    **5.**    **Consent to Removal.**

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The last-served rule provides that each defendant has a right to remove within thirty days of service.  See 28 U.S.C. § 1446(b)(2)(B).  Remand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period.  See Bonadeo

---

clarification of its precedents in McPhail v. Deere & Co., it is appropriate to consider post-removal evidence to determine whether subject-matter jurisdiction exists. Aranda v. Foamex Int'l, 2012 WL 2923183, at *11-12. Indeed, the Tenth Circuit admitted that its "opinions have not been entirely clear on [this amount-in-controversy] issue," but held that its ruling in McPhail v. Deere & Co. was consistent with the Tenth Circuit's prior holdings and analysis. McPhail v. Deere & Co., 529 F.3d at 954-55. Describing its holding in Martin v. Franklin Capital Corp., in which the Tenth Circuit stated that a defendant must "establish the jurisdictional amount by a preponderance of the evidence," the Tenth Circuit said "it would have been more precise to say that the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play, which the defendants in Martin failed to do." McPhail v. Deere & Co., 529 F.3d at 955 (emphasis in original). With respect to Laughlin v. Kmart Corp., the Tenth Circuit clarified that it was "presented with a petition and a notice of removal that both only referred to damages in excess of $10,000." McPhail v. Deere & Co., 529 F.3d at 955. Furthermore, the notice of removal in Laughlin v. Kmart Corp. referred only to the removal statute and "thus no jurisdictional amounts are incorporated into the removal notice by reference to the statue." Laughlin v. Kmart Corp., 50 F.3d at 873. Accordingly, even though there appears to be some tension between these decisions, because the Tenth Circuit, in McPhail v. Deere & Co., characterized its holding as consistent with its prior decisions, and because McPhail v. Deere & Co. is the Tenth Circuit's most recent, and most thorough, discussion of how to determine the amount in controversy, the Court will focus its analysis on that case. The Court thus finds that the Tenth Circuit's approach in Laughlin v. Kmart Corp. is "one of the most restrictive approaches to removal," and that the Tenth Circuit has clarified its stance to allow a court to consider post-removal evidence when determining if federal court jurisdictional requirements are met. Aranda v. Foamex Int'l, 2012 WL 2923183, *16 n.11.

v. Lujan, 2009 WL 1324119, at *6.  "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case."  Brady v. Lovelace Health Plan, 504 F. Supp. 2d 1170, 1172-73 (D.N.M. 2007)(Smith, J.)(citing Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981)).

Courts generally refer to the requirement that all defendants served at the time of filing must join in the notice of removal as the "unanimity rule."  McShares, Inc. v. Barry, 979 F. Supp. 1228, 1342 (D. Kan. 1997)(citations omitted).  The unanimity requirement, however, is excused under two circumstances: "First, a nominal or formal party is not required to join in the petition for removal.  Second, a defendant who has not yet been served with process is not required to join."  Brady v. Lovelace Health Plan, 504 F. Supp. 2d at 1173.

The Tenth Circuit has held that a defendant's consent to removal was not necessary where he had not been served at the time another defendant filed its notice of removal.  See Sheldon v. Khanal, No. 10-3237, 2012 WL 5860560 (10th Cir. Nov. 20, 2012)(unpublished).  In Sheldon v. Khanal, the plaintiff argued that the case should be remanded to state court, because one of the defendants did not join the notice of removal.  See 2012 WL 5860560, at *4.  The Honorable Harris L. Hartz, United States Circuit Judge for the Tenth Circuit, stated: "We reject the argument as contrary to the clear statutory language requiring only served defendants to consent to removal." Sheldon v. Khanal, 2012 WL 5860560, at *4.

The Court has stated: "[W]hile the federal courts strictly construe the removal statutes and there is a presumption against removal, the Court should not use these rules of construction to manufacture rules that Congress did not require, that are not necessary to enforce the statutes, and are contrary to normal federal practice."  Roybal v. City of Albuquerque, No. CIV 08-0181 JB/GBW, 2008 WL 5991063, at *8 (D.N.M. Sept. 24, 2008)(Browning, J.).  "Strict construction

-16-

and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants." Tresco, Inc. v. Cont'l Cas. Co., 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010)(Browning, J.).

In Tresco, Inc. v. Cont'l Cas. Co., the plaintiff filed suit against defendants National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), and Continental Casualty Company ("CNA"). See 727 F. Supp. 2d at 1245. National Union filed a Notice of Removal with the federal court within thirty days of when it was served. See 727 F. Supp. 2d at 1245. Its Notice of Removal stated that National Union obtained CNA's consent to removal. See 727 F. Supp. 2d at 1245. Thus, National Union obtained unanimity. See 727 F. Supp. 2d at 1245. The plaintiff moved the Court to remand, arguing that CNA did not indicate its consent by signing the notice of removal or by filing a separate document indicating consent within thirty days of the date that defendant was served. See 727 F. Supp. 2d at 1245. The Court denied the motion to remand, holding that neither the statute nor the Tenth Circuit requires a separate signature or signed document to indicate consent. See 727 F. Supp. 2d at 1245. The Court concluded that not requiring each defendant to either sign the removal petition or independently submit a notice of consent in writing did not run counter to the principle that removal statutes be strictly construed, with all doubts resolved against removal, because the statute is not ambiguous, but silent. See 727 F. Supp. 2d at 1255. The statute does not require the rule that the plaintiff requested. See 727 F. Supp. 2d at 1255. The Court concluded that, strictly construing the statute, with no Tenth Circuit law to the contrary, a notice of removal can be effective without individual consent documents from each defendant. See 727 F. Supp. 2d at 1255. The Court recognized that federal courts often rely on representations of counsel without requiring separate

-17-

signed documents and concluded that those representations are sufficient in the removal consent context:

> '[F]ederal courts often rely on the representations of counsel about other parties. . . . [P]arties frequently submit unopposed motions, stating that the other parties do not oppose. Rarely is there any problem, and if there is, a federal court has an abundant reservoir of powers to remedy misrepresentations.'  Representations by counsel, signed under rule 11, are sufficient to deal with the primary concern animating the judicial creation of restrictions on removal.

727 F. Supp. 2d at 1250 (quoting Royal v. City of Albuquerque, 2008 WL 5991063, at *8).

### 6.   **Cross-Claim Removal.**

While on a clean slate, the phrase "defendant or defendants" could be read to include any party that is defending against a claim -- counter-defendants, cross-defendants, third-party defendants -- the Court does not write on a clean slate.  The Supreme Court has already established that cross-defendants may not remand; there is no valid distinction between cross-defendants, counter-defendants, and third-party defendants for the purposes of 28 U.S.C. § 1441(a).  The Court thus agrees with those courts that have held only original defendants may remove cases under 28 U.S.C. § 1441(a).

> Although Shamrock Oil is not dispositive of the precise issue before us, it does dictate that the phrase "the defendant or the defendants," as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims.  This interpretation of "the defendant or the defendants" is bolstered by the use of more expansive terms in other removal statutes.  Title 28 grants removal power in bankruptcy cases to any "party," see 28 U.S.C. § 1452(a), a broader grant of power that courts have interpreted to extend to third-party defendants.   See Thomas B. Bennett, Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!, 27 Cumb. L. Rev. 1037, 1052-53 (1996-1997) (summarizing bankruptcy cases allowing third-party removal).  Title 28 also allows removal by any "foreign state" against which an action is brought in state court, see 28 U.S.C. § 1441(d), and courts have interpreted that grant to include foreign states that are third-party defendants.  See Jonathan Remy Nash, Pendent Party Jurisdiction Under the Foreign Sovereign Immunities Act, 16 B.U. Int'l L.J. 71, 107 & n.184 (1998) (summarizing cases). By contrast, § 1441(a)'s grant of removal power is much more limited, instilling a

-18-

> right of removal only in the defendant or the defendants.  See, e.g., Johnston, 134
> F. Supp. 2d at 880 (noting that the terms "defendant" and "third-party defendant"
> "typically are understood as referring to distinct parties"); Knight v. Hellenic
> Lines, Ltd., 543 F. Supp. 915, 917 (E.D.N.Y. 1982) (concluding that third-party
> defendant is not a "defendant" as that term is used in § 1441(a)); Friddle v.
> Hardee's Food Sys., Inc., 534 F. Supp. 148, 149 (W.D. Ark. 1981) ("We hold that
> 1441(a) limits the right to remove to defendants and does not give a right of
> removal to third-party defendants.").  Thus, construing the removal statute
> narrowly, we conclude that [cross-defendants] do not have a statutory right of
> removal pursuant to § 1441(a).

First Nat. Bank of Pulaski v. Curry, 301 F.3d at 461-62.  "A counterdefendant is not a defendant

joined in the original action and therefore not a party that can remove a state action to federal

court."  Palisades Collections LLC v. Shorts, 552 F.3d at 333 (quoting Dartmouth Plan, Inc. v.

Delgado, 736 F. Supp. at 1492).

Moreover, the Supreme Court's reasoning in Shamrock Oil & Gas Corp. v. Sheets that

Congress narrowed the statute to include only "defendants" -- and not cross-defendants --

supports finding that cross-defendants generally are not defendants under 28 U.S.C. § 1441(a).

The removal statutes "call[] for . . . strict construction."  313 U.S. at 108.  "Due regard for the

rightful independence of state governments, which should actuate federal courts, requires that

they scrupulously confine their own jurisdiction to the precise limits which the statute has

defined."  313 U.S. at 108 (quoting Healy v. Ratta, 292 U.S. at 270)(other citations and internal

quotation marks omitted)).  Allowing removal would expand jurisdiction of federal courts in

contravention of the strictly construed statutory limits on the right to removal.

> Congress has shown the ability to clearly extend the reach of removal statutes to
> include counter-defendants, cross-claim defendants, or third-party defendants, see
> 28 U.S.C. § 1452(a) (West 2006) ("A party may remove any claim or cause of
> action . . . [related to bankruptcy cases]."  (emphasis added)).  In crafting §
> 1441(a), however, Congress made the choice to refer only to "the defendant or the
> defendants," a choice we must respect.

Palisades Collections LLC v. Shorts, 552 F.3d at 333-34.  The Court thus concludes that, under

Shamrock Oil & Gas Corp. v. Sheets, cross-defendants generally are not "[a] defendant or

defendants" within the meaning of 28 U.S.C. § 1441(a).

### LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a

recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must

promptly conduct the required proceedings when assigned, without the parties' consent, to

hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs

objections: "Within 14 days after being served with a copy of the recommended disposition, a

party may serve and file specific written objections to the proposed findings and

recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a

Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C.

§ 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus

attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).   As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  <u>See id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need

not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have

declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's

order does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations." (citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while

"[a]ny party that desires plenary consideration by the Article III judge of any issue need only

ask," a failure to object "does not preclude further review by the district judge, sua sponte or at

the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit

noted that the district judge had decided sua sponte to conduct a de novo review despite the lack

of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived

on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at

1060-61 (citing cases from other circuits where district courts elected to address merits despite

potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's

proposed findings and recommendation on "dispositive motions, the statute calls for a *de*

*novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674

(1980).

"[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended

to permit whatever reliance a district judge, in the exercise of sound judicial discretion,

chose to place on a magistrate's proposed findings and recommendations."  United States v.

Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber,

423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant

evidence of record and not merely review the magistrate judge's recommendation" when

conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat[] the

language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district

court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the

exercise of sound judicial discretion, chose to place on a Magistrate Judge's proposed

findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a

district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle

Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the

magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo

determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and

recommended disposition, the Court has, as a matter of course and in the interests of

justice, reviewed the Magistrate Judge's recommendations.  In Pablo v. Soc. Sec. Admin., No.

CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the

plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended

disposition, and thus waived his right to appeal the recommendations, but the Court

nevertheless conducted a review.  See 2013 WL 1010401, at *1, *4.  The Court generally

does not, however, "review the PF&RD de novo, because the parties have not objected

thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give

any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

**ANALYSIS**

Although no party objected to the PFRD before the deadline to do so, the Court has reviewed the PFRD.  While the Court did not conduct a de novo review, it conducted enough of a review to determine that it can say that Judge Lynch's findings and recommended disposition in the PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  See Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court will, therefore, adopt the PFRD as its own.

The Court will deny Lucero's Fee Motion.  Lucero did not file a Motion to Remand -- he merely replied to Judge Lynch's sua sponte order to the parties to submit supplemental briefs. Bernalillo County had an objectively reasonable basis for removal because neither the Supreme Court nor the Tenth Circuit has directly addressed the cross-claim issue.  The Court cannot conclude that Bernalillo County removed the case in bad faith.  It will thus decline to award attorney's fees.

**IT IS SO ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 28, 2015 (Doc. 37), is adopted; and (ii) this case is remanded to Bernalillo County, Second Judicial District Court, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Chris Lucero, Jr.
Albuquerque, New Mexico

  *Plaintiff pro se*

Richard Valdez
The Valdez Law Firm
Albuquerque, New Mexico

  *Attorney for Defendant Manny Ortiz*

Eric W. Schuler
Michael I. Garcia
Bernalillo County Attorney's Office
Albuquerque, New Mexico

--and--

Jonlyn M. Martinez
Law Firm of Jonlyn M. Martinez
Albuquerque, New Mexico

  *Attorneys for Defendant County of Bernalillo*